MARION WALKER *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Barnstable. November 7, 1980. — January 26, 1981.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Employment Security,* Procedure, Timeliness of request for hearing.

A claimant for unemployment benefits who is found to have been directly
    discouraged by an administrative official from pursuing an appeal
    from the denial of such benefits has good cause under G. L. c. 151A,
    § 39(*b*), for any consequent delay in filing that appeal. [364-365]

CIVIL ACTION commenced in the First Barnstable Division
of the District Court Department on August 16, 1979.

The case was heard by *Staff,* J.

*William H. Abrashkin* for the plaintiff.

*George J. Mahanna,* Assistant Attorney General, for the
Director of the Division of Employment Security.

HENNESSEY, C.J. Pursuant to G. L. c. 151A, § 42, Mari-
on Walker (claimant) appeals from the decision of a District
Court judge affirming the decision of the board of review of
the Division of Employment Security, which determined
that her request for hearing was not timely filed.

On January 12, 1979, the claimant received, by hand de-
livery, a notice of disqualification for unemployment bene-
fits under the Employment Security Law, G. L. c. 151A.[2]
On January 29, 1979, seventeen days after the notice of dis-
qualification, the claimant appealed her disqualification by
requesting a hearing, pursuant to G. L. c. 151A, § 39 (*b*).
A hearing was held before a review examiner of the Division

---

[1] Pocasset Mental Health and Retardation Center.

[2] The reasons for this disqualification, and whether the disqualification
was proper under G. L. c. 151A, are not relevant to this appeal.

of Employment Security, for the purpose of determining whether good cause existed for the claimant's failure to request a hearing within the ten-day appeal-of-right period prescribed by G. L. c. 151A, § 39 (b).[3]  The review examiner determined that no good cause existed and dismissed the appeal.  The claimant appealed to the board of review, which, after a remand to the review examiner for the taking of additional evidence, affirmed the decision of the review examiner and dismissed the appeal.  The claimant then sought judicial review, pursuant to G. L. c. 151A, § 42, as amended through St. 1978, c. 478, § 79, in the First Barnstable Division of the District Court Department which affirmed the board's decision.  The claimant now appeals directly to this court pursuant to G. L. c. 151A, § 42.

The claimant concedes that her appeal of her disqualification was not filed within ten days following the January 12, 1979, delivery in hand of the notice of disqualification, as provided by G. L. c. 151A, § 39 (b).  She contends, however, that she had "good cause" for failing to request a hearing within ten days, and that her January 29, 1979, request for a hearing was therefore timely under § 39 (b).[4]

---

[3] General Laws c. 151A, § 39 (b), as appearing in St. 1976, c. 473, § 13, provides in pertinent part: "Any interested party notified of a determination [here, the claimant's disqualification from receiving unemployment benefits] may request a hearing within ten days after delivery in hand by the director's authorized representative, or mailing of said notice, unless it is determined in accordance with procedures prescribed by the director that the party had good cause for failing to request a hearing within such time.  In no event shall good cause be considered if the party fails to request a hearing within thirty days after such delivery . . . ."

The claimant's request for hearing was filed more than ten days but within thirty days after delivery.  The notice of determination of disqualification received by the claimant contained printed information concerning the right of appeal, including the ten- and thirty-day time limitations.

[4] See note 3, supra.  Although G. L. c. 151A, § 39 (b), contemplates the administrative establishment of standards for determining "good cause," apparently none have been established.  See Division of Employment Security Rules and Regulations, 13 Code Mass. Regs. 430.

At the first hearing before the review examiner, the claimant testified that on January 12, 1979, when the notice of disqualification was delivered to her by a claims adjudicator at the local division office, the two of them discussed the claimant's right to appeal her disqualification. The adjudicator told the claimant that an appeal "would not make any difference because the employer would win the case anyhow." The claimant testified that the adjudicator's representation that an appeal would be useless discouraged her from appealing. The claimant testified in addition that on January 12, 1979, she believed she was about to start a new job with a State agency, and that she did not appeal because she did not think she would be able to get the time off from her new job for an appeal hearing.

On January 23, 1979, the claimant was notified that due to a hiring freeze, she would not be hired for the new job. The next day she returned to the local division office and spoke with the same adjudicator she had seen on January 12, 1979. According to the claimant, the adjudicator again told her that an appeal would make no difference. On January 29, 1979, the claimant filed a request for a hearing.

The claimant contends that the statements made to her by the adjudicator on January 12, 1979, discouraged her from filing an appeal, and thus "good cause" exists under G. L. c. 151A, § 39 (*b*). The review examiner's decision that the statutory good cause standard was not met contained no findings of fact on the key issue of whether the claimant, on January 12, 1979, had been discouraged from appealing; the decision focused instead on the claimant's testimony concerning the conversation of January 24, 1979, two days after the expiration of the ten-day appeal-of-right period of § 39 (*b*). After the claimant appealed the review examiner's decision to the board of review, the board remanded the case specifically to obtain testimony of the claimant and the adjudicator concerning the conversation of appeal rights on January 12, 1979. At the remand hearing, the claimant again testified that the adjudicator's state-

ments on January 12 convinced her not to appeal. The adjudicator in turn testified that she had no recollection of the January 12 conversation with the claimant, but that it was not her "policy" to comment on a claimant's chance of winning an appeal. In its decision, the board of review made no findings of fact, but merely affirmed the decision of the review examiner.

On the claimant's petition for judicial review, the District Court judge noted the conflicting evidence on the still unresolved issue of whether the adjudicator discouraged the claimant from appealing. The judge ruled, however, that even assuming the claimant's version to be the true account of the content and effect of the January 12, 1979, conversation, this would not constitute good cause for failing to file an appeal within the prescribed time. In so ruling, the District Court judge regarded the alleged statements by the adjudicator as "at best a mere expression of the adjudicator's prediction of the outcome of an appeal and . . . not . . . an official statement."

We disagree with the District Court judge's ruling. A claimant who is found to have been directly discouraged by an administrative official from pursuing an appeal has good cause under G. L. c. 151A, § 39 (*b*), for any consequent delay in filing that appeal. Such an interpretation of the good cause standard is warranted by the relative positions of the parties, and the power, whether real or perceived, that a claims adjudicator wields over individual claimants. Although a claimant may be informed of the right to appeal an adverse determination, the practical value of that information is severely undercut when, as may have happened here, her claims adjudicator leads her to believe that the exercise of that right would be futile.

Because neither the review examiner nor the board made any finding on the material issue of whether the adjudicator made the alleged statements on January 12, 1979, and, if so, whether the statements deterred the claimant from appealing within the ten-day period, we do not know whether the claimant's testimony that she was in fact deterred was

rejected or merely disregarded as insufficient cause for delay. In the opinion of a majority of the court, therefore, the case must be remanded to the Division of Employment Security for a determination on this issue. See *Smith* v. *Director of the Div. of Employment Security,* 376 Mass. 563, 564, 568 (1978) (stressing that without "specific, clear, and complete" findings on all material issues this court must remand to the appropriate agency for fact finding).

The decision of the District Court is reversed. The case is remanded to that court for remand to the Division of Employment Security.

*So ordered.*