VICTOR ORTIZ *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY. April 30, 1981. The claimant filed his request for a hearing more than ten days but less than thirty days following his receipt in hand of notice of his disqualification for unemployment compensation. In such a situation, under G. L. c. 151A, § 39 (*b*), the claimant was entitled to a hearing only if he had good cause for failing to request a hearing within ten days of his receipt in hand of notice of the adverse determination. A review examiner, after a hearing, ruled that the claimant did not show good cause for the delay; the board of review denied an application for review, thus affirming the decision of the review examiner. A District Court judge affirmed the decision of the board. On report to this court, we affirm the decision of the District Court.

There is no evidence that any employee of the Division of Employment Security misled the employee concerning his right to a hearing. Cf. *Walker* v. *Director of the Div. of Employment Security*, 382 Mass. 361, 364 (1981). The transcript is not so deficient that we are unable to determine whether there was substantial evidence to support the review examiner's finding. There was such evidence. The notice of disqualification stated in English that a request for a hearing must be made within ten days. The employee agreed that the notice he received instructed him in Spanish that the notice affected his rights and obligations and that it should be translated immediately. The notice was constitutionally sufficient. See *DaLomba* v. *Director of the Div. of Employment Security*, 369 Mass. 92, 97-98 (1975). The claimant simply folded the notice and put it away without reading it. The board was warranted in concluding that the employee did not have good cause for his delay in claiming a hearing concerning the denial to him of unemployment compensation benefits.

*Decision of District Court affirmed.*

*Daniel S. Hendrie* for the plaintiff.

*George J. Mahanna*, Assistant Attorney General, for the defendant.