DIANE CLEMONS *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.

Suffolk. April 2, 1985. — June 11, 1985.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, & LYNCH, JJ.

*Employment Security*, Procedure, Timeliness of request for hearing.

A District Court had jurisdiction to hear a claimant's appeal from a decision
of the board of review in the Division of Employment Security denying
her a hearing, even though she had filed her appeal in the District Court
after the running of the thirty-day appeal period following the board's
initial decision, where it appeared that the board's action in accepting
and denying the employee's second request for a hearing may have
misled her as to the finality of its initial decision, and where she had
claimed her appeal within thirty days of the board's denial of her second
request. [176-177]

CIVIL ACTION commenced in the Boston Municipal Court
Department on October 15, 1982.

The case was heard by *Charles M. Grabau*, J.

*Stuart G. Warner (Jeffrey M. Winik* with her) for the employee.

*Willie Ivory Carpenter, Jr.*, Assistant Attorney General, for
Director of the Division of Employment Security.

NOLAN, J. Pursuant to G. L. c. 151A, § 42 (1984 ed.), the
plaintiff, Diane Clemons, appeals from a District Court judge's
decision which determined that the District Court lacked juris-
diction to consider the plaintiff's claim because the plaintiff
filed her appeal from the decision of the board of review (board)
of the Division of Employment Security (DES) more than thirty
days after the initial determination of the board.[1] The sole issue

___

[1] In pertinent part, G. L. c. 151A, § 42 (1984 ed.), provides that "any
interested person aggrieved by any decision in any proceeding before the
board of review may obtain judicial review of such decision by filing, within

before this court is the effect that a DES acceptance of a second request for review by the board has on the thirty-day appeal period.

Gillette Company dismissed the plaintiff from her employment on April 5, 1982. On April 22, 1982, the plaintiff filed a claim for unemployment compensation. The director of DES denied, under G. L. c. 151A, § 25 (e) (2) (1984 ed.), the plaintiff's claim for benefits on May 27, 1982. On June 24, 1982, the plaintiff filed a written request for a hearing; this was "eighteen days after the filing deadline prescribed under Massachusetts G. L. chapter 151A, sec. 39(b)." A DES review examiner held a hearing to determine whether the plaintiff had "good cause" to file her request for a hearing beyond ten days but within thirty days of the benefits denial. See G. L. c. 151A, § 39 (*b*) (1984 ed.).[2] On July 19, 1982, the director, through a review examiner, determined that the plaintiff did not have "good cause" to file a late request for a hearing.[3]

The plaintiff filed with the board of review a timely request for hearing of the Director's decision. On August 13, 1982, the board filed and mailed its decision which denied the plaintiff's application for review. The notice indicated that "denial of [the plaintiff's] application makes the decision of the Director the final decision of the Board of Review. Any further appeal would be to the courts under Section 42 (quoted on the reverse side of this form)." On September 2, 1982, the plaintiff submitted another request for hearing to the board. A DES claims

thirty days of the date of mailing of such decision, a petition for review thereof in the district court . . . ."

[2] The pertinent portion of G. L. c. 151A, § 39 (*b*) (1984 ed.), provides that "[a]ny interested party notified of a determination may request a hearing within ten days after delivery in hand by the director's authorized representative, or mailing of said notice, unless it is determined in accordance with procedures prescribed by the director that the party had good cause for failing to request a hearing within such time. In no event shall good cause be considered if the party fails to request a hearing within thirty days after such delivery or mailing of said notice."

[3] The issue whether the plaintiff did have good cause to file a late request, argued by DES, is not properly before this court. Only the question of jurisdiction, decided by the District Court judge, is properly before us. See G. L. c. 151A, § 42.

representative accepted the plaintiffs' second request. On September 16, 1982, the DES notified the plaintiff that it would not process her second request "because the DES claims representative had improperly accepted the application." On October 15, 1982, the plaintiff filed a complaint seeking judicial review of the board's decision.

The judge determined that August 13, 1982, the date of the board's initial decision, was the operative date for determining the timeliness of the plaintiff's appeal. As such, the judge concluded that the plaintiff's appeal was not timely filed. On appeal, the plaintiff contends that the operative date was September 16, 1982, when the board notified the plaintiff that it would not consider her second request. In support, the plaintiff argues that the DES claims representative's acceptance of her request for hearing rendered the judicial appeal notification ineffective. She asserts that, as a result, the DES retained administrative jurisdiction until September 16, 1982. For the reasons set forth below, we conclude that the District Court did have jurisdiction to hear the plaintiff's appeal.

We recently recognized that "[m]any older decisions viewed the requirements of the appeal process, as set out in court rules or statutes, as being jurisdictional with the result that failure to adhere to every requirement called for the dismissal of the appeal regardless of how inconsequential the breach. A more recent view recognizes that a rule of such harshness is not to be countenanced in modern jurisprudence." *Cape Cod Bank & Trust Co.* v. *LeTendre*, 384 Mass. 481, 484 (1981). Accord *Simpson* v. *Director of the Div. of Employment Sec.*, 391 Mass. 403, 405 (1984). In most instances, failure to seek judicial review of an administrative decision within the time specified in a statute or rule will result in the dismissal of the appeal. *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79 (1975). We have recognized, however, that "[a] claimant who is found to have been directly discouraged by an administrative official from pursuing an appeal has good cause under G. L. c. 151A, § 39 (*b*), for any consequent delay in filing that appeal." *Walker* v. *Director of the Div. of Employment Sec.*, 382 Mass. 361, 364 (1981). Our cases instruct us

that, in examining perceived procedural errors, "the judge is to consider how far they have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice." *Schulte, supra* at 80.

General Laws c. 151A, § 42, provides that "any interested person aggrieved by *any* decision in *any* proceeding before the board of review may obtain judicial review of such decision by filing, within thirty days of the date of mailing of such decision, a petition for review thereof in the district court . . . ." (emphasis supplied). The purpose of the statute is to ensure prompt judicial review of a final decision of the board. In the instant case, the plaintiff could not fulfil that goal where the actions of a DES employee detracted from the finality of the August 13, 1982, decision. The claims representative's acceptance of her second request for hearing appears to have misled the plaintiff into believing that the board would further review her claim. It may be inferred that this was the sole reason for the plaintiff's failure to file a petition for review in the District Court within thirty days of the board's initial decision. We conclude, therefore, that the board's decision not to process the plaintiff's second request for hearing which was accepted by the claims representative was a decision from which the plaintiff could appeal within thirty days. In effect, the September 16, 1982, decision of the board reaffirmed its August 13, 1982, determination. The plaintiff's appeal to the District Court was timely, coming as it did, within thirty days of the board's decision not to process.

For the foregoing reasons, we vacate the judgment of the District Court and remand this matter to that court for further action consistent with this opinion. In doing so, we express no opinion as to whether the plaintiff had good cause to delay filing her written request for a hearing. That determination first must be made by the District Court.

*So ordered.*