ELI & BESSIE COHEN HILLEL ACADEMY, INC. *vs.* DIRECTOR
OF THE DIVISION OF EMPLOYMENT SECURITY & another[1].

Essex. September 11, 1985. — November 6, 1985.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security,* Appeal, Jurisdiction.

Judicial review of a decision of the Director of the Division of Employment
Security was not precluded by the employer's failure to appeal to a
District Court within thirty days of March 11, 1982, the date on which
the employer's application for review was deemed denied by the board
of review as a result of its failure to act within twenty-one days as
required by G. L. c. 151A, § 41(*a*), where it appeared that the board's
allowance of the employer's application on March 12, 1982, well within
the period during which the employer could have appealed from the
denial by implication, misled the employer into believing that the board
would hear its claim, and where the employer appealed to the District
Court within thirty days of the board's determination on September 17,
1982, that it had no jurisdiction to hear the claim. [153-154]

CIVIL ACTION commenced in the Lynn Division of the District Court Department on September 23, 1982.

The case was heard by *Robert E. Hayes,* J.

*Philip D. Epstein (Vida K. Berkowitz* with him) for the employer.

*Sumner H. Smith* for the employee.

*Willie Ivory Carpenter, Jr.,* Assistant Attorney General, for the Director of the Division of Employment Security.

LYNCH, J. Pursuant to G. L. c. 151A, § 42 (1984 ed.), the plaintiff, Eli & Bessie Cohen Hillel Academy, Inc. (Hillel Academy), appeals from a District Court judge's decision which determined that the District Court lacked jurisdiction to review a decision of the board of review (board) of the Division

---

[1] Ruth L. Leamon.

of Employment Security (DES) because the plaintiff did not file its appeal within the time required by law.[2] The sole issue before this court is what effect the allowance of the plaintiff's petition for review by the board more than twenty-one days[3] after the appeal had been filed has on the period during which an appeal may be taken to the District Court. We conclude that the appeal to the District Court was timely.

The plaintiff, Hillel Academy,[4] did not renew Ruth L. Leamon's contract for employment as a kindergarten teacher, as her former contract expired on June 20, 1981. Initially, Leamon was denied benefits by the director of DES, because her earnings were found to be exempt under G. L. c. 151A, § 6 (r) (1984 ed.). But in a decision mailed on February 10, 1982, the director determined that Leamon's earnings should not have been so exempted.

Hillel Academy filed a timely request for review of the decision of the director on February 18, 1982. The board mailed the allowance of the request on March 12, 1982, and held a further hearing on August 19, 1982, on the exemption issue. At the hearing, Leamon's counsel raised the issue of jurisdiction by noting that the mailing of the allowance of the application on March 12, 1982, was more than twenty-one days from the date of the filing of the application. See note 3, *supra.* On

---

[2] In pertinent part G. L. c. 151A, § 42, provides that "any interested person aggrieved by any decision in any proceeding before the board of review may obtain judicial review of such decision by filing, within thirty days of the mailing of such decision, a petition for review thereof in the district court . . . . If an appeal to the board of review is deemed denied because the board failed to act upon such appeal . . . the time for filing such petition shall run from the date as of which such appeal is deemed denied."

[3] General Laws c. 151A, § 41 (a) (1984 ed.), provides, in relevant part, that an "application for review must be granted or denied by the board no later than twenty-one days after an appeal is filed . . . . If the board does not render such a decision within such twenty-one day period, the application for review shall be deemed to be denied upon the twenty-first day."

[4] The defendant has raised the question of the present plaintiff's standing, as the original employing unit was known as Hillel Academy of the North Shore, Inc. Though we intimate no opinion on this issue, we treat this appeal as though the present plaintiff has proper standing. See note 9, *infra.*

September 17, 1982, the board determined that it had no juris-
diction to consider the merits of the case because the employer's
application should have been deemed denied on March 11,
1982. On September 23, 1982, Hillel Academy filed a com-
plaint seeking judicial review of the board's decision.

The judge determined that the board's decision was correct.
As such, the judge found that there was no authority to allow
the application on March 12, 1982, and therefore the twenty-
one day period had elapsed.[5] The judge deemed the application
for review by the board to be denied on March 11, 1982 —
the end of the twenty-one day period — and concluded that
the complaint for judicial review should have been filed within
thirty days of that date. G. L. c. 151A, § 42. See note 2,
*supra*. The judge, therefore, held that both the board and the
District Court lacked jurisdiction to hear the claim.

The District Court judge relied principally upon our decision
in *Sears, Roebuck & Co.* v. *State Tax Comm'n*, 370 Mass.
127, 130 (1976), a case involving the jurisdiction of the Appel-
late Tax Board. In that case, the court held that the board
could not, under Rule 14 of the Rules of Practice and Procedure
of the Appellate Tax Board (1982),[6] amend a petition for appeal

---

[5] The judge implicitly assumed that the date of mailing was the date of
the rendering of a decision within the meaning of G. L. c. 151A, § 41 (*a*).
We agree with that assumption. In *Building Inspector of Attleboro* v. *Attle-
boro Landfill, Inc*. 384 Mass. 109 (1981), we held that the term "final
action" in G. L. c. 40A, § 9 (1984 ed.), meaning the last or ultimate act,
refers to the filing of a decision, since the statute authorizing appeals, G. L.
c. 40A, § 17 (1984 ed.), makes the timeliness of an appeal related to the
· time a decision is "filed." In structure, the statute at issue here is similar
to c. 40A, although the words differ. Thus, § 41 (*a*) provides that the board
must "grant or deny" an application for review within twenty-one days, but
§ 42 marks the timeliness of an appeal from such decision at the date of
mailing. The cases of *Capone* v. *Zoning Bd. of Appeals of Fitchburg,* 389
Mass. 617 (1983), and *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield,*
394 Mass. 663 (1985), are not to the contrary. In those cases we held that
the G. L. c. 40A, § 15 (1984 ed.), requirement that a decision be filed
"within fourteen days" from a decision of the zoning board of appeals is
directory only and does not trigger constructive approval under that section
so long as the decision is in fact filed within the seventy-five day requirement.
*Zuckerman, supra* at 665-667. *Capone, supra* at 621-624.

[6] Rule 14 states in part: "Either party may amend his pleading, at any
time before the decision of the Board, by consent of the adverse party or
by leave of the Board."

to include claims for which the statutorily prescribed appeals period had run. *Id.* at 129-130. The *Sears* case, *supra* at 130, went on to quote *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79-80 (1975): "The attempted institution of an appeal after the statutory period has expired is 'so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.'" Several cases have followed the dictate that "[n]either the [Appellate Tax Board] nor this court, however, can create an exception to the time limit specified by the statutes." *Sears, supra.* See *Attorney Gen.* v. *Department of Pub. Utils.*, 390 Mass. 208, 213 (1983); *Assessors of Sandwich* v. *Commissioner of Revenue*, 382 Mass. 689 (1981). Cf. *Commissioner of Revenue* v. *Pat's Super Mkt., Inc.*, 387 Mass. 309, 310-311 (1982) (filing of return held jurisdictional prerequisite to obtaining an abatement).

It is unnecessary to list the "[m]any older decisions [which] viewed the requirements of the appeal process, as set out in court rules or statutes, as being jurisdictional with the result that failure to adhere to every requirement called for the dismissal of the appeal regardless of how inconsequential the breach." *Cape Cod Bank & Trust Co.* v. *LeTendre,* 384 Mass. 481, 484 (1981). See *Clemons* v. *Director of the Div. of Employment Sec.*, 395 Mass. 174, 176 (1985). Very recently, in *Clemons,* we noted with approval the fact that "[a] more recent view recognizes that a rule of such harshness is not to be countenanced in modern jurisprudence." *Clemons, supra,* quoting *Cape Cod Bank & Trust Co.* v. *LeTendre, supra* at 484. Accord *Simpson* v. *Director of the Div. of Employment Sec.*, 391 Mass. 403, 405 (1984).

Normally, failure to pursue appropriate review procedures — administrative or judicial — within the strictures of the relevant statutes or rules will bring dismissal of the appeal. See *Clemons, supra* at 176; *Schulte, supra* at 79. Yet "[a] claimant who is found to have been directly discouraged by an administrative official from pursuing an appeal has good cause . . . for any consequent delay in filing that appeal." *Walker* v. *Director of the Div. of Employment Sec.*, 382 Mass.

361, 364 (1981). See *Clemons, supra* at 176-177. Accord *Mailer* v. *Mailer,* 387 Mass. 401, 406 (1982). As the court stated in *Schulte, supra* at 79-80, "[s]loppiness in following a prescribed procedure for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones. . . . [T]he judge [should] consider how far [the mistakes] have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice."

The purpose of G. L. c. 151A, §§ 41 and 42, is to ensure prompt review of the director's decisions by the board and swift judicial review, if necessary. See *Clemons, supra* at 177. The facts of this case are substantially similar to those in *Clemons. Id.* at 176-177. In *Clemons,* the plaintiff failed to file a petition for review in the District Court within the pre-scribed thirty days after the board's initial decision, because a DES claims representative accepted a second request for a hearing (less than thirty days after the initial decision), thereby misleading "the plaintiff into believing that the board would further review her claim." *Id.* at 177. Here, the plaintiff was misled by the March 12, 1982, allowance of the application for review into believing that the board would in fact hear the claim.[7] As in *Clemons,* the plaintiff has been directly discour-aged from filing an appeal by the actions of an administrative official. *Id.* We conclude therefore that the board's decision that it lacked jurisdiction to consider the merits of the case on September 17, 1982, constituted a decision from which the plaintiff could appeal within thirty days. The September 17, 1982, decision of the board essentially reaffirmed the statutorily presumed denial of the petition for review on March 11, 1982, and reversed the implicit assumption of jurisdiction on March 12, 1982. The appeal to the District Court was timely.[8]

---

[7] It would be a different matter if the allowance had occurred beyond thirty days from March 11, 1982.

[8] In so holding, we do not suggest that the board could successfully bootstrap jurisdiction by misleading the plaintiff. See *Sears, Roebuck & Co.* v. *State Tax Comm'n,* 370 Mass. 127, 130 (1976).

For the foregoing reasons, we vacate the judgment of the District Court and remand this matter to that court for consideration of the decision of the director that the employee's earnings were not exempt from the provisions of the act, and for further action consistent with this opinion.[9]

*So ordered.*

---

[9] The record on appeal noticeably lacks the decision of the review examiner. Thus, we are unable to decide whether the denial of the application for review was correct. Moreover, we are unable to decide, on the record before us, whether the present plaintiff has standing. See note 4, *supra*.