MASSACHUSETTS RESPIRATORY HOSPITAL *vs.* DEPARTMENT
OF PUBLIC WELFARE & another.[1]

Suffolk. November 4, 1992. - February 17, 1993.

Present: WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Medicaid. Department of Public Welfare. Administrative Law,* Regula-
tions, Agency's interpretation of statute, Exhaustion of remedies, Judi-
cial review. *Statute,* Construction. *Constitutional Law,* Public officer.
*Notice,* Administrative hearing. *Contract,* Performance and breach,
Unjust enrichment.

A regulation adopted by the Department of Public Welfare, providing a
mechanism for obtaining administrative review of denials of claims for
reimbursement under the Commonwealth's medical assistance program
(Medicaid) was a regulation "suitable" for the administration of the
Medicaid program under the authority conferred on the department by
G. L. c. 118E, § 4. [333-335]
A regulation of the Department of Public Welfare establishing a claims
review board to review the denial of claims for reimbursement under
the Commonwealth's medical assistance program (Medicaid) did not
usurp the Legislature's constitutional function of creating public of-
ficers. [335]
A participating provider of services in the Commonwealth's medical assis-
tance program (Medicaid) failed in its contention that notices of denial
of certain claims by the Department of Public Welfare were void be-
cause they misstated the time within which the provider had a right to
appeal to the department's claims review board, where the provider had
not shown that it was prejudiced by the defect in the notices. [335-337]
A participating provider of services in the Commonwealth's medical assis-
tance program (Medicaid) whose appeals to the claims review board of
the Department of Public Welfare were denied as untimely was not
entitled to judicial relief pursuant to G. L. c. 30A, inasmuch as the
provider had failed properly to proceed through the department's law-
fully established administrative process. [337-338]
A participating provider of services in the Commonwealth's medical assis-
tance program (Medicaid) that agreed in its provider contract to pre-
sent and pursue its claims for reimbursement according to regulations

[1]The Commissioner of Public Welfare.

adopted by the Department of Public Welfare, but failed to do so, was foreclosed from asserting liability in contract or on theories of unjust enrichment and quantum meruit in an action against the department to recover for inpatient hospital services to patients who, the provider asserted, were eligible for Medicaid benefits. [338-339]

CIVIL ACTION commenced in the Superior Court Department on December 20, 1990.

The case was heard by *Charles F. Barrett*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Kenneth A. Behar* for the plaintiff.

*Steve Berenson*, Assistant Attorney General, for the defendants.

WILKINS, J. The plaintiff hospital, formerly Norfolk County Hospital, is a participating provider of services in the Commonwealth's medical assistance program, commonly known as Medicaid. G. L. c. 118E (1990 ed.). The hospital and the defendant Department of Public Welfare (department) have entered into a provider agreement under which, subject to conditions, the department has agreed to pay the hospital, at rates approved by the Rate Setting Commission, for medically necessary services rendered to persons eligible for Medicaid benefits. In that agreement, the hospital has agreed "[to] comply with all federal and state laws, regulations, and rules applicable to the [hospital's] participation in [Medicaid], now existing or adopted during the term of this Provider Agreement."

The hospital seeks to recover for inpatient hospital services rendered on various dates between October 1, 1986, and May 31, 1988, to ten patients who, the hospital asserts, were eligible for Medicaid benefits. The hospital seasonably submitted claims for payment to the department at various times with respect to these patients, and, for various reasons, the department then rejected the claims between August 28, 1990, and November 23, 1990. The hospital asserts that the

department's reasons for the denial of these claims are not valid and that the department should have paid the claimed amounts.[2]

The hospital appealed the denials of its claims as to eight of these patients to a claims review board that the department had established by a regulation, the lawfulness of which the hospital challenges. See 106 Code Mass. Regs. § 450.323 (1989). The regulation states that "[a] provider must file an appeal for a denied claim within 30 days after being notified" of the denial. 106 Code Mass. Regs. § 450.323 (A) (1). The department's notice of denial, sent as to each of the eight denied claims, stated, however, that the claims "must be appealed within 30 days from the date of this remittance advice if denial or underpayment was due to DPW error."[3] Each of the hospital's eight appeals was filed more than thirty days after both the date of its receipt of notice and the date of the remittance advice concerning each patient. The claims review board denied each appeal on the ground that the appeals were untimely.

The hospital filed this action within thirty days of the claims review board's denials of the hospital's appeals to it, seeking judicial review under G. L. c. 30A, § 14 (1990 ed.), as to all ten claims, and alleging breach of contract and unjust enrichment of the department. The hospital moved for the entry of summary judgment. A judge of the Superior Court concluded that the hospital's failure to file timely appeals to the claims review board was fatal to its case and entered judgment for the department dismissing the com-

---

[2] The merits of the department's action in denying the claims are not before us. The hospital indicates that the reasons given for nonpayment include assertions that the patient had Medicare benefits available, the patient was not eligible for Medicaid, a claim was a duplicate, or there was a clerical error in the submission.

[3] This notice did not follow the thirty-day provision in the regulation. It measured the thirty days from the date appearing on the denial notice and not, as it should have, from the date the hospital received notice. The hospital argues that this defect in the notice of right to appeal makes the department's denial notices invalid.

plaint. We granted the hospital's application for direct appellate review. We affirm the judgment.

The hospital makes the following contentions: (1) the department lacked statutory authority to adopt the regulation creating the claims review board; (2) in purporting to create the board, the department violated Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth, because only the General Court may establish "public officers"; (3) the notices of denial of the eight claims were void because they misstated the time within which the hospital had a right to appeal to the claims review board; (4) the Superior Court had jurisdiction to consider the hospital's claims even if the hospital did not take timely appeals to the claims review board; and (5) the department is liable in contract or on the theories of unjust enrichment and quantum meruit.

1. The department had authority to adopt the regulation creating the claims review board and requiring timely appeals from the department's initial denials of Medicaid claims. It is true that no statutory language explicitly authorized the adoption of such a regulation.[4]

The department has extensive statutory authority, however, implicitly justifying the adoption of the challenged regulation. An agency has wide authority to interpret and implement a policy set out broadly in its governing statutes. See *Worcester Sand & Gravel Co.* v. *Board of Fire Prevention Regulations*, 400 Mass. 464, 466 (1987); *Scofield* v. *Berman & Sons*, 393 Mass. 95, 100 (1984), appeal dismissed, 469 U.S. 1201 (1985); *Grocery Mfrs. of Am., Inc.* v. *Department*

---

[4]The situation is different now. See G. L. c. 118E, § 20, as amended through St. 1991, c. 138, § 185. We attribute no positive or negative weight to the 1991 amendment in deciding the issue before us. Its adoption might or might not be a statement of the intention of earlier Legislatures. It certainly should be given no weight as "demonstrating" that no such authority existed before its enactment. To conclude otherwise might discourage the Legislature from eliminating uncertainties in existing legislation for fear that courts might construe its action as an admission that theretofore an agency lacked authority to act in a questioned area. See *Massachusetts Comm'n Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 194 (1976).

*of Pub. Health*, 379 Mass. 70, 75 (1979); *Levy* v. *Board of Registration & Discipline in Medicine*, 378 Mass. 519, 524-525 (1979); *Consolidated Cigar Corp.* v. *Department of Pub. Health*, 372 Mass. 844, 855 (1977). See also *Scannell* v. *State Ballot Law Comm'n*, 324 Mass. 494, 501 (1949).

The statutes authorizing the department to adopt regulations are generous in their grant of rulemaking authority. The department must "formulate the policies, procedures and rules necessary for the full and efficient implementation of programs authorized by the laws of the commonwealth and federal laws in the area of public welfare financial assistance." G. L. c. 18, § 2 (B) (*a*) (1990 ed.). See G. L. c. 18, § 10 (1990 ed.). As to Medicaid, the department is authorized to "adopt, promulgate, amend and rescind rules and regulations suitable or necessary" to administer the Medicaid program. G. L. c. 118E, § 4 (1990 ed.).[5] The adoption of the regulation was consistent with the Federal law's requirement that the department adopt "procedures of prepayment and postpayment claims review, including review of appropriate data . . . to ensure the proper and efficient payment of claims and management of the program." 42 U.S.C. § 1396a (a) (37) (B) (1988).

An implication of the department's authority to adopt the challenged regulation is, therefore, readily derived from the broad authority granted to the department by the statutes of the Commonwealth that we have cited. There is no conflicting statute that makes unwarranted an implication of authority to adopt the regulation. See, e.g., *Telles* v. *Commissioner of Ins.*, 410 Mass. 560, 564-565 (1991).[6] We conclude that a regulation that provides a means of reviewing the denial of

---

[5]This section also provides that the department is required to "formulate such methods, policies, procedures, standards and criteria . . . as may be necessary for the proper and efficient operation of the [State] plan in a manner consistent with simplicity of administration." G. L. c. 118E, § 4 (1990 ed.).

[6]The explicit statutory provision for an administrative hearing for an individual aggrieved by the department's failure to approve an application

claims for reimbursement under Medicaid, following the timely submission of a request for such review, is a regulation "suitable" (see G. L. c. 118E, § 4) for the administration of the Medicaid program.

2. The creation of the claims review board did not violate Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth, by creating public officers.[7] The placing of certain claims-processing departmental personnel on a board to review appeals from the denial of claims does not create a public office in violation of the Constitution. These people performed much the same function both before and after formation of the claims review board. If these people were public officers before they were placed on the claims review board, they continued as such when they became board members. If they were not public officers in their earlier claims processing positions, they did not become public officers when they became board members. In any event, as we have just ruled, the Legislature authorized the department's creation of such a board. The department has not unlawfully usurped any legislative function.

3. The hospital has not shown that it was prejudiced by the defect in the notices concerning its right to appeal to the claims review board from the denial of its claims. The hospital was on notice that the regulation required an appeal

---

for Medicaid benefits (G. L. c. 118E, § 22 [1990 ed.]) is not such a conflicting statute.

In its reply brief the hospital belatedly argues that the regulation is not statutorily authorized because it purported unlawfully to shorten the time within which the hospital could seek judicial relief from the department's erroneous denial of a Medicaid claim from three years, citing G. L. c. 260, § 3A (1990 ed.), to thirty days. The consequence of the regulation that hospitals must within thirty days file an appeal to the claims review board is not in impermissible conflict with any otherwise applicable statute of limitations so as to make improper an implication of authority to adopt the regulation.

[7]Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth, in relevant part, empowers the General Court "to name and settle annually, or provide by fixed laws, for the naming and settling all civil officers within the said Commonwealth; . . . and to set forth the several duties, powers and limits, of the several civil . . . officers of this Commonwealth."

within thirty days of its receipt of the denial of a claim. By contract the hospital agreed to comply with the board's regulations. The department's denial notices stated time limits within which appeals must be filed that are earlier than that established by the regulation. The hospital makes no reasoned claim that it was misled or prejudiced by the misinformation. All its appeals were filed more than thirty days after it received the respective denial notices. Assuming, as the parties do, that the administrative process before the claims review board is subject to G. L. c. 30A, § 14 (1990 ed.), the hospital's argument concerning the defective notice of its appeal rights fails at least because it has not shown that its substantial rights have been prejudiced. See G. L. c. 30A, § 14 (7); *Vaspourakan, Ltd.* v. *Alcoholic Beverages Control Comm'n,* 401 Mass. 347, 354 (1987).[8]

There is no basis for treating the inaccurate, but not prejudicially defective, notices of the hospital's appeal rights as void so that the hospital must be given new rejection notices and hence new opportunities to appeal. Cases, on which the hospital relies, concerning the consequences of a defect in the notice of an agency hearing which affects the basic fairness of the hearing process are inapposite.

The two claims whose denial the hospital did not appeal to the claims review board fare no better. The department rejected these two claims by notice dated November 23, 1990. By the time the hospital had to file appeals of these two rejections, it was not only on notice of its appellate rights but had actual knowledge of them. One of the eight claims that it did appeal was rejected by a letter dated November 26, 1990, in which the lack of timeliness of the appeal of the rejection of that claim was disclosed. Indeed, the complaint in this action was filed before the time within which the hospital could appeal these two claims to the claims review board. The hospital abandoned these two claims when it

---

[8]The hospital has cited no authority requiring the department to advise it of its right to appeal denied claims to the claims review board. If there is no such requirement, we deal here with an inconsequential defect in a notice that need not have been given.

failed to file timely appeals and has failed to explain why it should be excused from filing appeals concerning these two claims.

4. In the circumstances that we have described, the hospital was not entitled to judicial relief pursuant to G. L. c. 30A. When a party fails properly to proceed through an agency's lawfully established administrative process, that party normally is not entitled to a judicial decision on the merits of its claim. See *Gallo* v. *Division of Water Pollution Control*, 374 Mass. 278, 288-289 (1978). See also *Gill* v. *Board of Registration of Psychologists*, 399 Mass. 724, 726 (1987). The hospital argues, citing *Ciszewski* v. *Industrial Accident Bd.*, 367 Mass. 135, 141 (1975), that it would have been futile for it to pursue appeals to the claims review board, even if it had been lawfully established. The hospital has not, however, demonstrated that a dispute of material fact exists as to whether the hospital would have had no chance of successfully showing before the claims review board that the department erred in denying its claims. An uncontroverted affidavit indicates that the claims review board has granted relief in approximately half the appeals to it.

The hospital argues additionally that its failure to file timely appeals with the claims review board does not justify the Superior Court judge's refusal to consider its G. L. c. 30A appeal on the merits. For this proposition, the hospital relies solely on *Crane* v. *Commissioner of Pub. Welfare*, 395 Mass. 435, 442 n.9 (1985), in which the court passed over the applicability of "administrative time limits" because the plaintiffs were entitled to a correction of underpayments in their emergency assistance. The reason for this conclusion is not apparent on the face of the opinion. To the extent that the *Crane* opinion may indicate that a court should go to the merits of a claim of agency error when that error had not been challenged by a timely administrative appeal required by administrative processes lawfully established by statute or regulation, we reject it. Such a rule of law would encourage persons not to exhaust their administrative remedies and to

take their grievances directly to court. The result would unfairly undermine the role of administrative agencies and unreasonably burden judicial resources.[9]

5. What we have said disposes of the hospital's argument that it may maintain a claim for breach of contract against the department without regard to the hospital's failure to follow available avenues of relief within the department. The hospital's failure to exhaust lawful administrative remedies forecloses it from any successful assertion that it complied with its contractual obligations.

There remains the hospital's related assertion that the department is liable on quasi contractual theories of unjust enrichment and quantum meruit. The hospital's reasoning is that, even if the hospital cannot recover on its contract theory of liability, it substantially complied with the agreement and thus the department either should reimburse the hospital for the financial benefit the department received from the rendering of service to Medicaid patients (unjust enrichment) or should pay the fair value of the services the hospital rendered to Medicaid patients (quantum meruit). We reject this argument for substantially the same reasons that we rejected the hospital's claim that it is entitled to assert a contract claim against the department. The hospital had a remedy that it could have pursued within the department, followed (the parties agree) by judicial review under G. L. c. 30A. The hospital agreed in its provider contract to present and pursue its claims for reimbursement according to the department's regulations, and that it did not do. That omission was not trivial but was rather a failure of substantial performance of the contract barring recovery in quantum meruit. See *J.A. Sullivan Corp.* v. *Commonwealth*, 397 Mass.

_____

[9]The *Crane* case was special because, rather than taking timely administrative appeals, the aggrieved parties took the disputed issue to a Federal court and won. Thereafter, the aggrieved parties sought agency action consistent with the Federal court ruling, and this court, not reaching the question whether administrative time limits had been tolled by the Federal court proceeding, upheld a Superior Court judgment ordering the relief sought.

789, 796 (1986). In the circumstances there also can be no recovery for unjust enrichment. There is nothing unjust in requiring the hospital to submit its Medicaid reimbursement claims according to procedures set forth in the department's regulation.

*Judgment affirmed.*