Cratsley, J.
Plaintiff, Wald’s Catering, Inc. (Wald’s), initiated this action pursuant to G.L.c. 30A, §14 seeking judicial review of the decisions of the Secretary of the Executive Office of Elder Affairs regarding contracts into which Wald’s entered with West Suburban Elder Services, Inc. and Eastern Massachusetts Ko *135 sher Consortium of Elder Nutrition Programs. Defendant, Executive Office of Elder Affairs (EOEA), moves pursuant to Mass.R.Civ.P. 12(b)(1) to dismiss Wald’s complaint on the basis that Wald’s did not timely file its action for administrative review. Although Wald’s admits it did not file its complaint within the 30-day period required by G.L.c. 30A, §14(1), Wald’s nonetheless argues that the EOEA duly promulgated a regulation allowing for a 60day filing period and that the EOEA gave Wald’s erroneous information regarding its right to judicial review. For the reasons that follow EOEA’s motion to dismiss is denied; Wald’s complaint, however, is dismissed without prejudice due to the fact that the Secretary did not issue a valid final order.
BACKGROUND
The facts pertinent to the resolution of this matter are not in dispute and can be briefly summarized. Wald’s entered into food service contracts with West Suburban Elder Services (WSES) and the Eastern Massachusetts Kosher Consortium of Elder Nutrition Programs (Consortium) in which Wald’s agreed to prepare and deliver Kosher meals to various individuals and agencies. Both WSES and the Consortium terminated these contracts prior to their expiration. Wald’s sought administrative review of these actions.
Hearings were conducted and the hearing officer concluded that both WSES and the Consortium’s actions were arbitrary and capricious. Subsequently, on January 20, 1994, the Secretary of Elder Affairs issued a decision in which he upheld the hearing officer’s substantive decision regarding the Consortium and remanded the case for a further hearing regarding damages. The Secretary, however, reversed the hearing officer’s decision regarding WSES, finding that WSES validly terminated its contract under the “without cause” provision of the contract.
Following a hearing regarding damages the hearing officer issued a decision on March 19, 1994. On April 1, 1994 the Secretary adopted the hearing officer’s finding and rendered his final decision. In his decision the Secretary stated:
This decision is the final administrative review on these issues. Under 651 CMR 9.17, the decision is binding upon all parties thereto unless one or more of the parties commences an action to obtain judicial review within 60 days of the date of this decision. Please notify the legal unit if any stipulation is entered into by the parties waiving appeal rights and agreeing to payment by THE CONSORTIUM and receipt by WALD’S of $2,149.50. AR, pp. 187-88; p. 232.
Moreover, on April 1,1994, General Counsel for EOEA mailed the Secretary’s final decision to Wald’s and enclosed a letter stating:
The decision of the Secretary shall be the final administrative review. The decision will be binding upon all parties to the hearing, unless one or more of the parties commences an action to obtain judicial review (under M.G.L.c. 30A, Sec. 14) within 60 days after the date of the decision. The Secretary in making his decision, is bound by the statutory provisions referred to in 651 CMR 9.01 and the regulations from time to time promulgated pursuant thereto. AR, p. 277.
Wald’s filed its complaint for judicial review on May 27, 1994.
DISCUSSION
At issue in this case is a conflict between an EOEA regulation allowing litigants 60 days to appeal an adverse decision and General Laws c. 30A, §14(C) which only allows 30 days to appeal an administrative decision. Wald’s argues that the EOEA regulation was duly promulgated pursuant to the Secretary’s statutory authority and thus the regulation takes precedence over the statute.[2] It is axiomatic that “an administrative board or officer has no authority to promulgate rules and regulations which are in conflict with the statutes or exceed the authority conferred by the statutes by which such board or office was created.” Bureau of Old Age Assistance v. Comm’r of Public Welfare, 326 Mass. 121, 124(1950) (citations omitted); accord Sears, Roebuck & Co. v. State Tax Comm’n, 370 Mass. 127, 130 (1976). The purpose of G.L.c. 30A is “to provide comprehensively for procedural due process in administrative proceedings.” Milligan v. Bd. of Registration in Pharmacy, 348 Mass. 491, 500 (1965); see Alexander J. Celia, Administrative Law & Practice, §1541 p. 85 (1986) (G.L.c. 30A, §14 was deliberately designed to create a comprehensive and self-contained procedure for judicial review of administrative decisions).
The EOEA’s regulation is in direct conflict with the general statute governing judicial review of administrative decisions. General Laws c. 30A, §14(1) provides for a 30day filing period in which to contest the validity of an administrative decision. The 30day filing requirement is jurisdictional and cannot be waived by the state agency. See Flynn v. Contributory Retirement Bd., 17 Mass.App.Ct. 668, 670 (1984). Accordingly, if an agency cannot waive the 30day filing requirement, then an agency’s attempt to enlarge the filing period, via a regulation, is beyond the agency’s authority. See Sears, supra at 130 (agency cannot create exemption to time limit specified in statute). Therefore, the EOEA regulation is void because the agency does not have the authority to circumvent the strict dictates of G.L.c. 30A.
The fact that G.L.c. 30A controls the filing period, however, does not require automatic dismissal of Wald’s complaint for judicial review. “In most instances failure to seek review of an administrative decision within the time specified in a statute or rule will result in the dismissal of an appeal.” Crane v. Comm’r of Public Welfare, 395 Mass. 435, 441 (1985) quoting Clemons v. Dir. of the Div. of Employment Sec., *136 395 Mass. 174, 176 (1985). Our appellate courts, however, have carved out exceptions to this general rule in order to “ameliorate the harshness of a jurisdictional view of such statutes and rules.” Crane, supra at 441. Thus, in circumstances in which an agency misleads or discourages a party from filing an appeal, a reviewing court may have jurisdiction to entertain an otherwise untimely appeal. See Elie & Bessie Cohen Hillel Academy,. Inc. v. Dir. of the Div. Of Employment Sec., 396 Mass. 150, 154 (1985) (30day filing period extended when agency misled plaintiff into filing late); Clemons, supra at 17677; Walker v. Dir. the Div. of Emp. Security, 382 Mass. 361, 364 (1981); Shamsi v. I.N.S., 998 F.2d 761, 762 (9th Cir. 1993) (party given misleading advice by agency regarding filing of appeal entitled to judicial review); see also Cran v. Commissioner of Public Welfare, 395 Mass. 435, 44142 (1985) (allowing administrative review despite fact that plaintiffs failed to comply with filing guidelines).[3]
Moreover, in Massachusetts Respiratory Hospital v. Dept. of Public Welfare, 414 Mass. 330, 335 (1993), the plaintiff claimed that the Department’s notice of denial of its claim was void because the notice misstated the time within which the hospital had a right to seek administrative review. The Supreme Judicial Court considered this claim and determined that the hospital must show it was prejudiced by the defects in the notices concerning its right to review. Id. at 335. The Court concluded that because the hospital did not assert that it was misled or prejudiced by the misinformation, there was no basis to challenge the defective notices. Id. at 335. In response to plaintiffs argument that the defective notices were void, the Court stated, “[t]here is no basis for treating the inaccurate, but not prejudicially defective, notices of the hospital’s appeal rights as void so that the hospital must be given a new rejection and hence new opportunities to appeal.” Id. at 336. Thus, while the Court rejected the plaintiffs claim regarding defective notice, the Court did recognize that a prejudicially defective notice could be considered void. See also Shoolman v. Health Facilities Appeals Board, 404 Mass. 33, 42 (1989); Solimeno v. State Racing Comm’n, 400 Mass. 397, 406 (1987).
In this case it is uncontroverted that the EOEA’s own regulation erroneously allowed the parties 60 days to appeal. The Secretary’s final decision informed plaintiff that it had 60 days to appeal. EOEA’s general counsel informed plaintiff of this fact and expressly referenced both G.L.c. 30A and the faulty regulation. Plaintiff relied upon these representations and filed its compliant on May 27, 1994 (i.e. more than 30 days, but less than 60 days, after the Secretary’s April 1, 1994 decision). Based on these considerations, this Court holds that the notice provided to plaintiff was misleading and prejudicially defective. Accordingly, the notice is void. See Massachusetts Respiratory Hospital, supra at 336.
This Court finds that this result, although extraordinary, is consistent with the current case law which seeks to “ameliorate the harshness of a jurisdictional view of statutes” in light of government wrongdoing. Clearly, here the EOEA is “seeking to bootstrap jurisdiction by misleading the plaintiff.” Elie & Bessie Cohen Hillel Academy, supra at 154 n.8. Allowing EOEA’s motion to dismiss on jurisdictional grounds would unjustly penalize plaintiff for the EOEA’s repeated errors.
Finally, EOEA argues that the Secretary’s January 20, 1994 decision concerning plaintiffs contract with WSES constitutes a separate and final decision as to this particular matter. “An administrative order requiring a subordinate administrative body to reconsider its order is neither final nor appealable.” East Longmeadow v. State Advisory Comm’n, 17 Mass.App.Ct. 901, 902 (1983). Here, the Secretary remanded plaintiffs claim against Consortium for a further hearing to determine damages. Although the Secretary remanded only a portion of the case for further hearing, the Secretary nonetheless directed the hearing officer to reconsider its order; in this posture, the January 20, 1994 decision cannot be considered a final order. Therefore, EOEA’s motion to dismiss premised on the January 20, 1994 order is without merit.
In conclusion, this Court rules that the Secretary’s final order dated April 1, 1994 is void.[4] Therefore, tire Secretary’s order is not properly appealable because the Secretary has not provided a proper and comprehensive final order pursuant to G.L.c. 30A, §14. See Town of East Longmeadow, supra at 94041 (court declined to review agency decision finding that agency’s order was not final despite agency’s characterization of that order as final). Once the Secretary provides a valid final order, the case will be subject to judicial review within 30 days pursuant to G.L.c. 30A, § 14(c).
ORDER
This Court ORDERS that defendant’s, Executive Office of Elder Affairs, motion to dismiss is DENIED. This Court further ORDERS that the decisions of the Secretary of the Executive Office of Elder Affairs dated January 20, 1994andApril 1,1994 are void. Therefore the plaintiffs complaint is DISMISSED without prejudice because the Secretary has not yet issued a valid final order. Once a proper final notice is provided as to both the WSES and the Consortium by the Executive Office of Elder Affairs, the plaintiff has 30 days to seek judicial review.

The EOEA regulation provides:
The decision of the Hearing Officer will be in writing and forwarded to the Secretary with copies to be mailed to the Appellant and the Area Agency. Within ten (10) days of the decision, the Secretary will approve it, disapprove it, or approve it with modifications or additions. Either party *137 may submit a written statement to the Secretary concerning the decision, but neither party shall be entitled to a further hearing before the Secretary.
The decision of the Secretary shall be the final administrative review. The decision will be binding upon all parties to the hearing, unless one or more of the parties commences an action to obtain judicial review within sixty (60) days after the date of the decision. The Secretary in making his decision, is bound by the statutory provisions referred to in Section 1 and the regulations from time to time promulgated pursuant thereto.

In Massachusetts Respiratory Hospital v. Dept. of Public Welfare, 414 Mass. 330, 337 (1993), the Supreme Judicial Court distinguished Crane, stating, “To the extent the Crane opinion may indicate that a court should go to the merits of a claim of agency error where the error has not been challenged by timely administrative appeal required by administrative processes lawfully established by statute or regulation, we reject it.” This consideration is not relevant to the case at hand, however, because (1) Wald’s complied with all the administrative processes; and (2) Wald’s was actively misled by the administrative agency while there was no allegation in Massachusetts Respiratory Hospital that the plaintiff was either misled or prejudiced by the misinformation.

EOEA’s motion to dismiss the Consortium’s cross claim is denied based on this court’s ruling that the Secretary’s final order is void. As the final order is void, the Consortium’s cross claim cannot said to be untimely.